# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

KRISTINE D. BROWN, *et al.*,     \*

Plaintiffs     \*

v.     \*     Civil Action No. PJM-18-2814

COMFORT A. BOATENG and     \*
KOFI L. BOATENG,
    \*

Defendants

\*\*\*

## MEMORANDUM OPINION

The above-captioned case was removed to this Court from the Circuit Court for Prince George's County on September 11, 2018 by Defendants Comfort A. Boateng and Kofi Boateng. ECF No. 1. Plaintiffs have filed a Motion to Remand, arguing that the Notice of Removal was untimely filed and that this Court lacks subject matter jurisdiction over the case. ECF No. 6. Plaintiffs' Motion to Remand also requests that they be awarded costs and expenses incurred in responding to the removal. *Id.*

**A. Motion to Strike**

Before addressing the Motion to Remand, it is necessary to consider Defendants' Motion to Strike the Plaintiffs' Motion to Remand, in which Defendants argue that Plaintiffs' Motion and Certificate of Service were not properly filed because they were not signed as required by Fed. R. Civ. P. 11. ECF No. 8. Local Rule of Civil Procedure 102.1(a) states that "[u]se of any of the methods for signing an electronic document established by the Court, including use of an attorney's login and password to electronically file a document, constitutes the attorney's signature on the document." The Court's established procedures for electronic case filings state that

> Anything filed using an attorney's login and password will be *deemed to have been signed by that attorney for all purposes, including Fed. R. Civ. P. 11.* Attorneys may, but are not required to, place an electronic signature on documents and papers. For the attorney whose login and password is being used, it is sufficient to indicate a signature as in the following example:
>
> _____/s/_____
> John M. Barrister, Esquire

U.S. District Court for the District of Maryland Electronic Case Filing Policies and Procedures Manual (D. Md.), Section III.C.8(a): Signature Format, *available at* http://www.mdd.uscourts.gov/sites/mdd/files/CMECFProceduresManual.pdf (last updated Oct. 2018) (emphasis added). Plaintiffs' Motion to Remand and Certificate of Service, which were submitted electronically using an attorney's login and password and featured the optional "/s/" example noted above, constitute valid signatures for purposes of Rule 11 and this Court's local rules. Therefore, Defendants' Motion to Strike is denied.

**B. Remand**

Turning to the Motion to Remand, Plaintiffs assert that the case must be remanded because, among other reasons, the Notice of Removal is untimely. ECF No. 6-1. The underlying state case mentioned in the Notice of Removal is Maryland case number CAEF-16-04391 from the Circuit Court for Prince George's County. ECF No. 1 at 4. As Plaintiffs note (and a review of the Maryland Judiciary Website confirms, *see* http://casesearch.courts.state.md.us/casesearch/), case number CAEF-16-04391 was filed in February 2016. Plaintiffs' affidavits of service demonstrate that Defendants were served on February 29, 2016. ECF No. 6-4. Defendants' Notice of Removal was filed on September 11, 2018, over two and a half years later and well beyond the time permitted under 28 U.S.C. § 1446.

Defendants counter that the notice of removal was timely because it filed "within one year of the commencement of the action in Bankruptcy Court," ECF No. 7 at 3, apparently referring to *In re Boateng*, Case No. 17-26830 (Bankr. D.Md.).[1] The existence of a federal bankruptcy is irrelevant to the timeliness of the removal of CAEF-16-04391.

Finally, even assuming that the Defendants' notice of removal was timely filed,

**C. Attorney's Fees and Costs**

Plaintiffs' Motion to Remand also requests costs and attorney's fees pursuant to 28 U.S.C. § 1447(c). ECF No. 6 at 3. Plaintiffs have not included adequate information to allow the Court to rule on the request for fees, which will accordingly be denied without prejudice at this time. Plaintiffs will be given an opportunity to supply the Court with the necessary information. Within 21 days of the date of this opinion and accompanying order, Plaintiffs may resubmit a Motion for Costs and Fees. Consistent with Fed. R. Civ. P. 54(d)(2)(B), this Motion must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award"[2] and "state the amount sought or provide a fair estimate of it." Rule 54(d)(2)(B)(ii), (iii).[3]

---

[1] The Court notes that Defendants' appeal of the bankruptcy case to this Court remains pending. *See Boateng v. Deutsche Bank, N.A.*, Case No. PJM-18-1681 (D. Md.).

[2] Ostensibly, Plaintiffs' arguments for remand may satisfy this requirement. Plaintiffs are, of course, free to reiterate any portions of their argument for remand that they believe to be pertinent to the "grounds entitling [them] to the award [of fees]."

[3] Rule 54(d)(2)(B) states that "[u]nless a statute or court order provides otherwise, [a motion for attorney's fees and related expenses] must . . . be filed no later than 14 days after the entry of judgment." In *Don Roos Const. Co., Inc. v. Fieldstone Cabinetry, Inc.*, 916 F.Supp. 544 (D.Md. 1996), Judge Smalkin explained that a remand order did not qualify as a "judgment" under Rule 54 and therefore determined that Rule 54(d)(2)(B)'s specified time frame of "no later than 14 days after the entry of judgment" meant no later than 14 days after the entry of judgment in the underlying, remanded state action. *Id.*

However, as noted, the requirements of Rule 54(d)(2)(B), including the 14 day post-judgment time period, apply "unless a . . . court order provides otherwise." As the instant opinion and accompanying court order provide otherwise by specifying an alternative time frame, the instant ruling controls, thereby eliminating any confusion from construing Rule 54(d)(2)(B)(i) to the particular situation of remand.

3

A district court retains jurisdiction to consider an application for costs and fees even after an inappropriately removed case has been remanded. *Bryant v. Britt*, 420 F.3d 161 (2nd Cir. 2005) (per curiam) (so holding, and noting that "[a]ll of the other circuits that have addressed the question"—the Third, Sixth, Seventh, and Ninth Circuits—"have reached the same conclusion"); *see also Barlow v. Colgate Palmolive Co.*, 722 F.3d 1001, 1009 (4th Cir. 2014) ("[D]istrict courts have jurisdiction to decide Rule 11 sanctions motions on the merits, even when they are filed after the underlying action is remanded to state court."). Therefore, the Court need not make a final determination about fees and costs before remanding the case.

Accordingly, this case shall be remanded. A separate order follows.

November 5, 2018

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

4